IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| ANNA KATHLEEN BRUNDAGE - SUMPTION,<br>1005 NE 67th Place,<br>Kansas City, MO 64118,<br><br>　　Plaintiff,<br><br>v.<br><br>COREY CHARLES UEHLING,<br>400 South Moonlight Road, Apt. 19F,<br>Gardner, KS 66030-2529,<br><br>And<br><br>ASSOCIATED WHOLESALE GROCERS, INC.,<br>5000 Kansas Avenue,<br>Kansas City, KS 66106,<br>　　Serve Registered Agent:<br>　　THE CORPORATION COMPANY, INC.,<br>　　112 SW 7th Street, Ste. 3C,<br>　　Topeka, KS 66603,<br><br>　　Defendants. | Case No.:<br>**JURY TRIAL DEMANDED**<br>**Designated Place of Trial:**<br>**Kansas City, Kansas** |

## COMPLAINT

For her Complaint against defendants Corey Charles Uehling ("Uehling") and Associated Wholesale Grocers, Inc. ("AWG") (collectively "Defendants"), plaintiff Anna Kathleen Brundage-Sumption ("Plaintiff") states:

### THE PARTIES

1. At all relevant times, Plaintiff is and has been a resident of the State of Missouri.

2. To the best of Plaintiff's knowledge and belief, at all relevant times Uehling is and has been a resident of the State of Kansas who may be served with process at the address stated above.

3. To the best of Plaintiff's knowledge and belief, at all relevant times AWG is and has been a Kansas for profit corporation in good standing and operating its business in Wyandotte County, Kansas, and whose registered agent, The Corporation Company, Inc., may be served with process at the address stated above.

## JURISDICTION AND VENUE

4. On or about October 17, 2016, and while was acting in the course and scope of his employment to AWG, Uehling committed a tortious act within Johnson County, Kansas which caused severe and permanent injury and damage to Plaintiff.

5. Personal jurisdiction and venue are therefore proper in this Court over Defendants.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

## PLAINTIFF'S CLAIMS FOR NEGLIGENCE

7. On October 17, 2016, at approximately 12:24 a.m., Plaintiff was driving a red 2006 Pontiac G6 (the "Pontiac") northbound on

2

Interstate 35 in the center of three northbound lanes in Olathe, Johnson County, Kansas.

8. At that same time, Uehling, while acting in the course and scope of his employment to AWG, was driving a white 2012 tractor trailer (the "Tractor Trailer") in the far left northbound lane of Interstate 35 next to and slightly behind the Pontiac.

9. Instead of waiting for traffic in the center northbound lane of Interstate 35 to clear, Uehling drove the Tractor Trailer into the center northbound lane of Interstate 35 and caused an impact between the Tractor Trailer and the Pontiac. That impact caused the Pontiac to spin out of control in front of the Tractor Trailer. The Tractor Trailer then struck the Pontiac a second time and this second impact caused the Pontiac to collide with a concrete barrier (hereinafter the three impacts are collectively referred to as the "Crash").

10. In causing the Crash, Uehling and AWG were negligent in the following particulars:

   a. Uehling failed to keep a proper lookout (PIK 4th 121.03);

   b. Uehling failed to drive within the range of his vision in order to avoid colliding with any other vehicle using the roadway (PIK 4th 121.02); and

   c. Uehling failed to drive the Tractor Trailer in a single lane of traffic until Uehling could first ascertain the Tractor Trailer could safely

        change lanes from the far left northbound lane of Interstate 35 to the center northbound lane of Interstate 35 (PIK 4th 121.23A).

11. The Crash caused or contributed to cause Plaintiff to suffer the following severe and permanent injuries:

    a. A torn labrum in her left hip;

    b. Headaches;

    c. Cervical sprain/strain with resulting neck pain;

    d. Lumbar/sacral sprain/strain with resulting low back pain;

    e. Right shoulder injury;

    f. Bruising of her abdomen;

    g. Cervical facet joint injury; and

    h. Lumbar facet joint injury.

12. The Crash made necessary the following healthcare treatment, the charges for which are fair and reasonable:

| Provider and Date of Service | Amount of Bills |
|---|---|
| Midwest Emer. Phys. (10/17/16) | $ 551.00 |
| North Kansas City Hosp. ER (10/17/16) | $ 5,089.30 |
| Northland Radiology (10/17/16) | $ 222.00 |
| Barry Point Family Care (10/25/16) | $ 185.00 |
| Dohrmann Chiropractic (3/20/17 to 4/25/17) | $ 1,045.00 |
| Benchmark Phys. Ther. (5/25/17 to 6/07/17) | $ 1,419.25 |
| Coliseum Imaging Left Hip MRI (8/24/17) | $ 1,460.00 |
| Kala Danushkodi MD (5/11/17 to 9/12/17) | $ 885.00 |
| Premier Anest. (Dr. Foxx) (11/02/17 to 4/06/18) | $12,556.00 |
| Blue Valley Surgery Ctr. (12/22/17 and 2/09/18) | $37,745.00 |
| Prescription Drugs (2/13/18) | $ 147.40 |
| Dohrmann Chiropractic (5/29/18) | $    85.00 |

**TOTALS:**                                       **$61,389.95**

13. As a direct and proximate result of the Crash, Plaintiff has incurred the following healthcare treatment:

    a. Emergency Room treatment;

    b. X-rays;

    c. Treatment by multiple medical doctors;

    d. Chiropractic treatment;

    e. Left hip MRI;

    f. Physical therapy;

    g. Trigger point injection;

    h. Stem cell injection into her left hip;

    i. Multiple cervical nerve block injections; and

    j. Radio frequency ablations at multiple areas of Plaintiff's cervical spine.

14. As a direct and proximate result of the Crash, Plaintiff is expected to incur future medical treatment, the precise amount of which is not currently known.

15. In traveling to Plaintiff's healthcare treatments made necessary as a result of the injuries she sustained in the Crash, Plaintiff has incurred mileage expenses, the precise amount of which is not currently known.

WHEREFORE, plaintiff Anna Kathleen Brundage-Sumption prays for an award of actual damages against defendants Corey Charles Uehling and Associated Wholesale Grocers, Inc. which is fair and reasonable and in excess of $75,000.00 exclusive of interest and costs, for her costs incurred herein, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in this case.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

**STOUT LAW, LLC**

/s/ David C. Stout
David C. Stout        KS # 16259
Village at Burlington Creek
6304 North Lucerne
Kansas City, MO 64151
(816) 505-0001
(816) 584-0005 Fax
Email:  david@stoutlawfirm.com

ATTORNEYS FOR PLAINTIFF